March 29, 2024

*VIA Electronic Mail*
*ALCarterNYSDChambers@nysd.uscourts.gov and ECF*

Hon. Andrew J. Carter, Jr.,
United States District Judge
United States District Court District, Southern District of New York
40 Foley Square, Room 435, Courtroom 1306
New York, New York 10007

Re:   *Rebecca Brazzano  v. Tompson Hine LLP, Richard Anthony DePalma, Deborah Zider Read*
      *and Thomas Lawrence Feher*
      Civil Action No.: 24-cv-1420(AJC)(KHP)

Dear Judge Carter:

I commenced this action as plaintiff, *pro se*, as against the named defendants, a law firm, Thompson Hine LLP, and three of its equity partners, Richard Anthony DePalma, Deborah Zider Read and Thomas Lawrence Feher (collectively here, the "Defendants"). I am licensed to practice law in the State of New York and in this Court.

I write to interpose clarification and offer the Court the prejudicial timeline that prompted my denial of the eleventh hour request by Colorado counsel for a forty five (45) day extension of time for Thompson Hine LLP to interpose its answer or otherwise respond to the Amended Complaint that is due on <u>April 2, 2024</u>, and the additional request to extend the remaining defendants time as well, to <u>May 17, 2024</u>.

Thompson Hine LLP was served with service of process on March 12, 2024 (Docket No. 29) and its response is due <u>April 2, 2024</u>. Richard Anthony DePalma was served with services of process on March 14, 2024 (Docket No. 28, in his professional capacity; Docket No. 27, in his individual capacity) and his response is due <u>April 4, 2024</u>. Thomas Lawrence Feher was served with services of process on March 13, 2024 (Docket No. 26, in his professional capacity, Docket No. 25, in his individual capacity) and his response is due <u>April 12, 2024</u>.

Deborah Zider Read has not yet been served with services of process in her individual and professional capacity as she is purposefully evading the process server's now seven attempts to serve her at her residence (March 8, 2024, March 19, 2024, March 21, 2024, twice on March 23, 2024 (on the second attempt on that date the person "who identified themselves as the resident, stated subject [Read] resides but not available at this time" to accept the process servers' attempted service), and twice on March 26, 2024). Ms. Read obviously has copies of the Amended Complaint, she is the managing partner of Thompson Hine LLP, and her efforts to evade normal service of process is shameful.

Hon. Andrew J. Carter, Jr.,
United States District Judge
March 29, 2024
Page 2

Defendants cannot demonstrate any requisite good cause for their requested extension, as each has been on notice of the claims set forth in the Amended Complaint since as early as July 1, 2022 when the undersigned filed a complaint with the United States Equal Opportunity Commission ("EEOC"), and sent copies to defendant Feher, in his then capacity as counsel to Thompson Hine LLP. The Defendants were most obviously aware of the claims when Thompson Hine LLP and Feher interposed their defamatory and wretched response to the EEOC on February 23, 2023, and on further noticed by the rebuttal and 28 exhibits my prior counsel submitted to the EEOC in September of 2023, with copies again to Feher. The Defendants (except Read) have been formally served with service of process, and Thompson Hine LLP offered its comment to the press (Law.com) that this lawsuit "does not have merit, and the firm intends to defend fully against her allegations." Yet, this posture makes their current endeavor to seek further delay not just a paradox but a blatant mockery of the judicial pursuit for swift justice, highlighting a strategy not of defense, but of purposeful and improper delay and deferral: justice delayed is justice denied.

The Defendants calculated strategy of delay has inflicted, and continues to inflict, substantial prejudicial harm upon me. Their egregious failure to implement a litigation hold as mandated in May of 2022 has cast a shadow of doubt over the integrity of the evidence in this case. It is alleged that this failure has resulted in the destruction of vital evidence that is material and relevant to the claims detailed in the Amended Complaint. With each passing day, valuable information irretrievably vanishes from the servers of Thompson Hine LLP as Defendants have utterly failed to preserve material evidence of their own unlawful conduct as alleged in the Amended Complaint.

Thompson Hine LLP associate, counsel of record for Defendants (except Read), offer in his letter to the Court (Docket No. 32) that "Ms. Brazzano does not contend that Defendants' instant request for a brief extension of time is of an unreasonable duration or will otherwise jeopardize or prejudice her substantive interests in this case" is demonstrable false: the email I sent declining Colorado's counsel requested extension specifically highlighted the "substantial prejudice," as well as Ms. Read's evasion of service of process, stating:

Thank you for your note below, and your voicemail of this morning, pleasure to meet you.

Under normal circumstances I would be amenable to a brief extension of time to permit a delayed respon[se] to the complaint as a professional courtesy to you. However, under these extraordinary circumstances, your request is denied as Thompson Hine LLP delayed filing their EEOC response for 6 months, failed to copy my then counsel in February 2023 when it and Feher did finally interpose their false and defamatory response, such that it was not received until June 2023, coupled with their collective failure to institute a litigation hold in May 2022, as demanded and

*Brazzano Law*

Hon. Andrew J. Carter, Jr.,
United States District Judge
March 29, 2024
Page 3

required, **has all created substantial prejudice in the intentional spoliation of evidence and concerted efforts to delay justice.**

Ms. Read can continue her intentional evasive efforts to avoid service of process, but her actions offer no strategic advantage in prolonging the inevitable and it does not generate any leverage to extract an extension of time for any defendant, who have all had a copy of the complaint since Saturday, February 24, 2024. Ms. Read's improper maneuvering can be remedied by a motion to the Court. (Docket No. 32-1, emphasis added)

With all due respect to Mr. Babbit, his last minute Good Friday filing seeking to extend defendants response time to suit their litigation stratagem, is without any basis and done in the hope that I am unable to interpose a timely formal objection. Too, it is my understanding that Thompson Hine LLP's malpractice policy explicitly requires that a "partner" affix their signature to all formal legal documents submitted in Court proceedings. Hence, the designation of Mr. Babbit as a "Senior Managing Associate" appears to contravene its own policy, confirming the hesitance within Thompson Hine LLP to expose their equity partners with the responsibility of signing documents that are subject to Rule 11 scrutiny. Mr. Babbit's plea to the Court regarding the extensive scope of the allegations, spanning over a decade and involving numerous unnamed individuals, lacks substantive merit and serves only to corroborate and confirm the Amended Complaint's allegations of Thompson Hine LLP's utter failure to conduct a proper investigation of my gender discrimination and sexual harassment claims, among others, as detailed in the Amended Complaint, as it was required to do in April/May 2022. Likewise, Thompson Hine LLP feigned ignorance as to the identities of individuals named (and unnamed in the Amended Complaint) is spurious, it knows exactly who these persons are, and in fact referenced them in their despicable and defamatory EEOC response (Docket No. 9-2). The Defendants asking for the extension, while Ms. Read continues to duck service of process, are undeserving of any addition time to spoliate evidence; they are not entitled to the special treatment they seek.

It is with due deference to the Court that I submit that Defendants seeking an inordinate amount of time to respond to the verified allegations should be required to adhere to the established Rules of this Court by promptly presenting their response to the Amended Complaint without delay. These procedural Rules are in place to uphold the principles of equity and efficiency in the legal process.

The time to serve Ms. Read, as governed Federal Rule of Civil Procedure 4(m) has not expired. In the event that the ninety (90) day window to serve Ms. Read approaches expiry, and she continues to evade service of process, I intend to seek the Court's permission to file a motion permitting alternate service of the Summons and Amended Complaint upon her.

*Brazzano Law*

Brazzano Law PLLC • 43 West 43rd Street Ste 264 New York, NY 10036 • 561 685 3812

Hon. Andrew J. Carter, Jr.,
United States District Judge
March 29, 2024
Page 4

The applicable standard, according to Thompson Hine LLP and Richard Anthony DePalma, as offered in *M&K Imports, LLC v. Rejuveneda Medical Group, Inc. dba Regeneveda, Thom E. Lobe, Patrick D. Crocker, and Crocker Law Firm PLLC aka Crocker & Crocker*, (Docket 7:22-cv-02606(VB)(VR)) for alternative service of process is the use of electronic mail: "*See FTC v. Pecon Software Ltd.*, No. 12 Civ. 7186 (PAE), 2013 U.S. Dist. LEXIS 111375, at *14 (S.D.N.Y. Aug. 7, 2013) ('Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendants'); *Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380 (PGG) (OTW) 2019 U.S. Dist. LEXIS 210349, at *6 (S.D.N.Y. Dec. 2, 2019) ('Email service has also repeatedly been found by courts to meet the requirements of due process.'); *Philip Morris USA Inc.*, 2007 U.S. Dist. 19780, at *9 ('alternative means of service by email and fax in this case were reasonably calculated to apprise defendants of the pendency of this action…objections about theoretical reliability of email service are unpersuasive in this case, as plaintiff has amply demonstrated the high likelihood that defendants would receive and respond to email communications"); *Krank v. Express Funding Corp.*, 133 F.R.D. 14, 17 (S.D.N.Y. 1990) ('mail service is effective when the recipient receives the summons and complaint and accordingly has actual notice')."  Read can be reached at her published email address: Deborah.Read@ThompsonHine.com.

The Defendants have failed to furnish any persuasive or compelling rationale to justify their exemption from the prescribed service of process and complaint response deadlines. They are unequivocally subject to the same legal standards as every other litigant. The bedrock of the rule of law demands unwavering conformity to established procedures, regardless of the Defendants' purported and claimed entitlement to deference from the Court or false sense of privilege. Even as a law firm with three equity partners, one of whom holds the mantle of managing partner, the Defendants are not above the law.

Respectfully Submitted,

Brazzano Law PLLC

*/s/ Rebecca Brazzano*

Rebecca Brazzano


cc:  Ned Babbit, Esq. (via ECF)