

Carolyn J. Fairless
303.244.1852
fairless@wtotrial.com

May 17, 2024

*Via ECF*

The Honorable Andrew L. Carter, Jr.
United States District Judge, Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

    Re: *Brazzano v. Thompson Hine LLP, et al.*, C.A. No. 24-cv-01420
        Letter Requesting Pre-Motion Conference (Defendants Thompson Hine and De Palma)

Judge Carter:

    The undersigned counsel represents Defendants Thompson Hine LLP ("Thompson Hine"), Richard De Palma ("Mr. De Palma"), Thomas Feher ("Mr. Feher") and Deborah Read (Ms. Read") (collectively, "Defendants") in the captioned matter. We write pursuant to Rule 2(A) of Your Honor's Individual Rules & Practices to respectfully request a pre-motion conference in advance of Thompson Hine and Mr. De Palma moving to dismiss Plaintiff's claims under Federal Rule of Civil Procedure ("Rule") 12 and to compel arbitration of any non-dismissed claims pursuant to 9 U.S.C. § 206. Thompson Hine and Mr. De Palma also request that the time for them to file their motion (or Answer) be set for 21 days following ruling on this request.

    Plaintiff asserts multiple claims against Defendants arising from the termination of her partnership position with Thompson Hine. With respect to Mr. De Palma, Plaintiff alleges that he created a discriminatory workplace culture by making "lewd" comments in her presence and excluding Plaintiff from billable work and social gatherings. With respect to Thompson Hine, Plaintiff alleges that it: failed to investigate Plaintiff's complaints about Mr. De Palma; submitted a defamatory position statement in response to her EEOC discrimination charge (the "EEOC Response"); and negligently inflicted emotional distress by terminating Plaintiff's employment. Based on these allegations, Plaintiff asserts seven claims against Mr. De Palma and Thompson Hine: sexual harassment, retaliation, and aiding and abetting under the NYSHRL and NYCHRL (Counts 1-6) and whistleblower retaliation under NYLL § 740 (Count 7). Plaintiff asserts five additional claims against Thompson Hine for defamation (Count 8), abuse of process (Count 9), negligent infliction of emotional distress (Count 10), and hostile work environment and retaliation under Title VII (Counts 11-12). Each of Plaintiff's claims should be dismissed pursuant to Rule 12, and in any event is subject to mandatory arbitration, as described below.[1]

    **<u>Plaintiff's Claims Are Subject to Mandatory Arbitration</u>.** As a threshold matter, Plaintiff's claims are subject to mandatory arbitration under 9 U.S.C. § 206. The partnership agreement that Plaintiff says she was wrongfully expelled from specifies that all partners agreed to arbitrate all disputes arising under the agreement or between them as partners. All of Plaintiff's claims (save perhaps those arising from the EEOC Response) arise from her supposed mistreatment by Mr. De Palma or other Defendants' responses to alleged complaints about him.

---

[1] Counts 3-6 are alleged against all Defendants, including Mr. Feher and Ms. Read, and Counts 8-10 are asserted against Mr. Feher and/or Ms. Read as well as against Thompson Hine. Mr. Feher and Ms. Read are submitting separate letters requesting pre-motion conferences in advance of moving to dismiss all claims asserted against them. Mr. Feher and Ms. Read also intend to join in Thompson Hine and Mr. De Palma's anticipated motion to compel arbitration.

Page **2** of **4**
May 17, 2024

     In deciding a motion compel arbitration under the Federal Arbitration Act, courts first determine "whether the parties agreed to arbitrate." *Foran v. NFL*, No. 1:18-cv-10857 (ALC), 2019 WL 2408030, at *2 (S.D.N.Y. June 7, 2019). Plaintiff executed a January 1, 2021 letter agreement governing her position with Thompson Hine whereby she agreed to be bound by Thompson Hine's Partnership Agreement, which contains a clear and unambiguous agreement to arbitrate "[a]ny dispute … arising out of (a) this Agreement, [or] (b) the relationship of the parties to this Agreement as Partners inter se." *Id*. ¶ 17. Plaintiff agreed to arbitrate all disputes arising under the agreement or between partners *inter se*, and this language is sufficiently broad to encompass this dispute. *Foran*, 2019 WL 2408030, at *2-3. Moreover, the Partnership Agreement expressly incorporates AAA procedures, which require an arbitrator to determine arbitrability. *Id.*, at *2 ("[T]he incorporation of the AAA rules necessitates that an arbitrator, as opposed to this Court, decide arbitrability.").

     **The EFAA Does Not Bar Arbitration of Plaintiff's Claims.** Plaintiff attempts to invoke the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") to avoid her agreement to arbitrate. But the EFAA was intended to bar forced arbitration of sexual *harassment* claims, not gender discrimination claims. Stripped of its hyperbole, Plaintiff's Amended Complaint alleges facts amounting to no more than ordinary gender discrimination (and that actually fail to even meet that standard, as described below). Plaintiff's attempt to label her claims as harassment does not transform them into plausible harassment claims. *See, Yost v. Everyrealm, Inc*., 657 F. Supp. 3d 563, 567 (S.D.N.Y. 2023) (court must scrutinize the plausibility of sexual harassment claims to determine the applicability of the EFAA). Because Plaintiff has not alleged facts suggesting actual harassment, the EFAA does not apply. Accordingly, all of Plaintiffs' claims must be arbitrated.

     **Failure to State a Claim for Sexual Harassment.** To state a sexual harassment claim under the NYCHRL, a plaintiff must allege facts showing she "was subjected to 'unwanted gender-based conduct.'" *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 66 (S.D.N.Y. 2020) (quotations omitted). "Bald assertions of discrimination—unsupported by any meaningful comments, actions, or examples of similarly-situated persons outside of plaintiff's protected class being treated differently—[are] implausible and insufficient to survive a motion to dismiss." *Bledsoe v. Delta Air Lines, Inc*., No. 23-CV-03146 (HG) (JAM), 2024 WL 1142321, at *3 (E.D.N.Y. Mar. 15, 2024) (citations omitted).

     Plaintiff's threadbare factual allegations assert that Mr. De Palma excluded her from billable work and either spoke to or near Plaintiff about gender-neutral topics—not facts suggesting that his actions had anything to do with her gender. Under the NYCHRL (and Title VII and the NYSHRL), generalized hostility or uncivilized behavior is not actionable. Plaintiff must allege facts that would demonstrate discriminatory motive. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc*., 715 F.3d 102, 110 (2d Cir. 2013). Mere conclusory allegations "characterizing the state of mind of another person" do not satisfy this standard. *See Wolff v. Rare Medium, Inc*., 210 F. Supp. 2d 490, 500 (S.D.N.Y. 2002). Plaintiff's allegations, even if true (which is disputed), can only be considered petty slights or minor annoyances at work that cannot support a claim of sexual harassment under any standard. *See e.g., Colon v. Fashion Inst. of Tech*., 983 F. Supp. 2d 277, 292 (S.D.N.Y. 2013).

     **Failure to State a Claim for Hostile Work Environment and Sex Discrimination.** The Amended Complaint is comprised primarily of rhetoric and conclusory allegations, which are insufficient. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996). To succeed on a hostile work environment claim under any standard, Plaintiff must demonstrate *facts* showing disparate treatment *because of* a protected characteristic. *See Mihalik*, 715 F.3d at 110. Indeed, "[e]veryone can be characterized by sex …; and many bosses are harsh, unjust, and rude. It is therefore

Page **3** of **4**
May 17, 2024

important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination." *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002). Stripped of its conclusory rhetoric, the Amended Complaint alleges nothing more than conduct that was facially gender-neutral. There are no allegations from which one could infer gender-based animus on Mr. De Palma's part. Though Plaintiff makes much of her position that Mr. De Palma disliked her personally (again disputed), she has failed to plead facts indicating that Mr. De Palma disliked her or did anything else *because* she is a woman.

**Failure to State a Claim for Retaliation.** Plaintiff bases her retaliation claims on the fact that she was terminated shortly after raising issues regarding Mr. De Palma's supposed violation of the Firm's pro bono policies. But any such claim fails because participating in asserting violations of an employer's pro bono policies is not "protected activity" under any standard. And "[m]ere complaints of unfair treatment are not protected speech in the employment retaliation context." *Benzinger v. Lukoil Pan Ams., LLC*, 447 F. Supp. 3d 99, 124 (S.D.N.Y. 2020). Plaintiff has not plausibly pled that she engaged in any protected activity, much less activity that would put Defendants on notice that her purported complaints concerned statutorily prohibited discrimination.

**Failure to State Aiding and Abetting Claims.** Because Plaintiff has not plausibly alleged an underlying claim for discrimination or retaliation, there is no predicate for aiding and abetting liability. *See Farmer v. Shake Shack Ents.*, *LLC*, 473 F. Supp. 3d 309, 337 (S.D.N.Y. 2020). With respect to Mr. De Palma, he also cannot be held liable for "aiding and abetting" his own actions. *See Bliss v. MXK Rest. Corp*., 220 F. Supp. 3d 419, 426 (S.D.N.Y. 2016) (citation omitted).

**Failure to State a Claim for Defamation and Abuse of Process.** Plaintiff also fails to plausibly allege a claim for defamation. Each of the allegedly defamatory statements in the EEOC Response is absolutely privileged under New York law. *See Farzan v. Wells Fargo Bank*, No. 12 Civ. 1217(RJS)(JLC), 2013 WL 474346, at *4 (S.D.N.Y. Jan. 25, 2013). The fact that Plaintiff believes the statements in the EEOC Response to be false does not render them immaterial or impertinent to the EEOC proceeding. Plaintiff's abuse of process claim is likewise predicated solely on the allegedly defamatory EEOC Response. Accordingly, the Court should construe Plaintiff's claim as one for defamation and dismiss it for the same reasons as described supra. *See, e.g., Lue v. JPMorgan Chase & Co*., No. 19 Civ. 9784 (KPF), 2021 WL 1108558, at *4 n.5 (S.D.N.Y. Mar. 23, 2021). In any event, Plaintiff does not plausibly allege the elements of an abuse of process claim so it will fail. *See Chrysler Corp. v. Fedders Corp.,* 540 F. Supp. 706, 725 (S.D.N.Y. 1982); *Ann-Margret v. High Soc'y. Magazine, Inc*., 498 F. Supp. 401, 407-08 (S.D.N.Y. 1980).

**Failure to State a Claim for Negligent Infliction of Emotional Distress.** Plaintiff's negligent infliction of emotional distress claim fails because the Amended Complaint 1) contains no allegations of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency," and 2) does not allege that Plaintiff feared for her physical safety or that any exceptional circumstances exist that would permit such a claim. *Nieblas-Love v. New York City Hous. Auth*., 165 F. Supp. 3d 51, 77 (S.D.N.Y. 2016).

For the foregoing reasons, the Amended Complaint fails to state a claim against Thompson Hine or Mr. De Palma and all non-dismissed claims are subject to mandatory arbitration in any event. Thompson Hine and Mr. De Palma respectfully request permission to file a motion to dismiss Plaintiff's claims and to compel the non-dismissed claims to arbitration.

Page **4** of **4**
May 17, 2024

                                            Respectfully submitted,

                                            /s/ *Carolyn C. Fairless*

                                            Carolyn C. Fairless, Esq.

cc:     Rebecca Brazzano (via ECF)