*BRAZZANO LAW*

May 20, 2024

*VIA Electronic Mail*
ALCarterNYSDChambers@nysd.uscourts.gov and ECF

Hon. Andrew J. Carter, Jr.,
United States District Judge
United States District Court District, Southern District of New York
40 Foley Square, Room 435, Courtroom 1306
New York, New York 10007

Re:   *Rebecca Brazzano v. Thompson Hine LLP, Richard Anthony DePalma, Deborah Zider Read and Thomas Lawrence Feher*; Civil Action No.: 24-cv-1420(AJC)(KHP)
Plaintiff Response to Thompson Hine LLP and Richard Anthony DePalma Pre-Motion Letter ("Letter" Docket No. 39)

Dear Judge Carter:

Plaintiff submits here the response to Thompson Hine and DePalma's Letter that seeks to stuff this lawsuit into a forced clandestine arbitration, in their continuing desperate efforts to stifle Plaintiff's voice. Plaintiff was an employee of Thompson Hine, *see, e.g.*, Verified Am. Compl. ¶¶21, 26, 29, *passim*, and has alleged claims of, amongst others, hostile work environment, sexual harassment and gender discrimination, for retaliation and transitional retaliation, that Plaintiff is entitled to the protections afforded by Title VII of the Civil Rights Act of 1964, has plead acute and repeated violations of New York State Human Rights Law and New York City Human Rights Law, aiding and abetting under both, as well as additional tort claims.

Defendants' frantic attempts to evade this Court's jurisprudence are merely a sham effort to delay this lawsuit against them, (again), seeking instead the obscurity of forced secret arbitration, where they can perpetuate and peddle their false narrative without the illuminating scrutiny of justice to expose their unlawful and discriminatory conduct.  Defendants' Letter attempts to misrepresent the foundational basis of Plaintiff's complaint by offering that it seeks redress for "being expelled" from the "partnership agreement" (Docket No. 39, p. 1), *albeit* without any citation. The Amended Complaint makes no such claim; instead, it chronicles the sexual harassment, gender discrimination, and other unlawful and despicable conduct of Defendants that Plaintiff endured for more than a decade. The pleading confirms that Plaintiff was not ever a "partner" as that term is defined under the laws of New York which provides that a partnership "is an association of two or more persons to carry on as co-owners a business for profit". Partnership Law § 10(1).  The indisputable fact is that Plaintiff "owned" nothing, as confirmed by the K-1 issued by the firm (so the firm shifted all tax liability that it would otherwise have to pay under a W-2), yet the IRS does not consider Plaintiff an owner, so who is correct, the IRS or Thompson Hine? The distinction between being labeled an "income partner," or an "indentured servant" by Defendants is utterly irrelevant, and saying it over and over again does not make it so. Plaintiff was an employee as this Court has already ruled in *Rosenblatt v Bivona & Cohen, P.C.*, 969 F Supp 207 [SDNY 1997], that an income partner, without equity or

Hon. Andrew J. Carter, Jr.
May 20, 2024
Page 2

a share in profits or losses is an employee, and is afforded protections under Title VII.  Defendants have not offered any basis to alter the settled law of this Court, and thus any attempt to do so would be the height of frivolity.  Further, the cases that have actually evaluated this issue at the United State Court of Appeals have each applied the test articulated in *Clackamas Gastroenterology Assoc., P.C. v Wells*, 538 US 440 [2003]): "1) Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work; 2) Whether and, if so, to what extent the organization supervises the individual's work; 3) Whether the individual reports to someone higher in the organization; 4) Whether and, if so, to what extent the individual is able to influence the organization; 5) Whether the parties intended that the individual be an employee, as expressed in written agreements and contracts; 6) Whether the individual shares in the profits, losses, and liabilities of the organization" and noting that the "mere fact that a person has a particular title -- such as partner, director, or vice president -- should not necessarily be used to determine whether he or she is an employee or a proprietor….An individual's title does not determine whether the individual is a partner, officer, member of a board of directors, or major shareholder, as opposed to an employee")(*cleaned up*); *see also*, (*Serapion v Martinez*, 119 F3d 982 [1st Cir 1997]) ("A court must peer beneath the label and probe the actual circumstances of the person's relationship with the partnership. In other words, partnerships cannot exclude individuals from the protection of Title VII, simply by draping them in grandiose titles which convey little or no substance;" an *equity* partner with ownership, remuneration based on firm profits and voting rights deemed not an employee for Title VII purposes); (*Lemon v Myers Bigel, P.A.*, 985 F3d 392 [4th Cir 2021])(voting *equity* co-owner partner could not establish employee standing); (*Strother v S. California Permanente Med. Group*, 79 F3d 859 [9th Cir 1996])(reversing dismissal of plaintiff's discrimination claim as "the district court erred in determining that [Plaintiff] could plead no set of facts to show that she was actually an 'employee'"); (*Baskett v Autonomous Research LLP*, 2018 US Dist LEXIS 169633 [SDNY Sep. 28, 2018, No. 17-CV-9237 (VSB)]) ("summary judgment is not appropriate at this juncture" until "discovery relating to the *Clackamas* factors").

Further, while Defendants reference an expired January 1, 2021, letter agreement – conveniently neglecting to attach it (which is either expired or an unenforceable and improper perpetual/indefinite contract, or both) which purportedly leapfrogs to an undisclosed, secreted, and unsigned amended partnership agreement, containing an arbitration clause for "partners," their arguments are wholly obtuse. The End Forced Arbitration of Sexual Harassment and Sexual Assault Claims Act of 2021 ("EFAA") unequivocally nullifies Defendants scamper to evade justice in this Court of law. Defendants' own admissions (March 2, 2022) in the published article: New Federal Law Restricts Enforcement of Sexual Assault-Harassment Claim Arbitration Agreements by equity partner and Practice Group Leader of Labor & Employment: The EFAA "allows employees alleging sexual assault or sexual harassment to avoid enforcement of arbitration agreements…This means that millions of employees may now choose to pursue sexual assault and sexual harassment claims in court and/or as a class, even if they previously agreed to arbitrate such claims on an individual basis. This development will significantly impact the forum in which these types of employment disputes are resolved." (Last visited May 19, 2024).  Equally, Defendants fail to advise the Court of governing decisional law that directly contradicts their attempt to patch together a motion to dismiss, *to wit*, *Doyle v Am. Glory Rest. Corp.*, 2024 US Dist LEXIS 63118

Hon. Andrew J. Carter, Jr.
May 20, 2024
Page 3

[SDNY Apr. 4, 2024]) (denying motion to dismiss sexual harassment claims)[1] and they mischaracterize *Johnson v Everyrealm, Inc.*, 657 F Supp 3d 535 [SDNY 2023]) which denied a motion to compel arbitration where sexual harassment claim under the EFAA were properly pled. Plaintiff's extensive verified factual claims of sexual harassment meet the requisite pleading requirements and nothing offered by Defendants alters that fact. Defendants' reliance on *Bledsoe v Delta Air Lines, Inc.*, 2024 US Dist LEXIS 46112 [EDNY Mar. 15, 2024, No. 23-CV-03146 (HG) (JAM)]) is untethered and irrelevant as it concerned alleged discrimination based upon sexual orientation (race and disability), not gender discrimination, sexual harassment, or retaliation. Defendants flawed reliance on the standard set forth in *McHenry v Fox News Network, LLC*, 510 F Supp 3d 51 [SDNY 2020] for sexual harassment is curious, as it instructs instead that the "Second Circuit has cautioned against setting the bar too high for hostile work environment claims. To survive a motion to dismiss, a plaintiff must allege facts showing she was faced with harassment of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." The relevant actionable conduct in *McHenry* occurred prior to the amendment of NYSHRL there was no retroactive reach: not relevant to the statute that governs today. *See*, New York Changes the Landscape of State Workplace Discrimination and Harassment Litigation dated April 13, 2019 (Last visited May 19, 2024)[2] admitting that the NYSHRL as amended removed the "requirement that individuals prove that harassment was severe or pervasive…lowers the standard to complaints that arise as the result of inferior terms, conditions or privileges of employment because employees are members of a protected class [and] restricts the use of arbitrations agreements." Defendants' reliance on cases decided at the summary judgment stage (and on appeal), or decided on facts and rules not at issue here, or decided prior to the seismic shift in the law that holds predators of sexual harassment accountable, prior to the #MeToo movement, are all irrelevant.[3] Defendant failed to offer decisional law that warrants the submission of a motion to dismiss. Any filing must be steeped in decisional law that is procedurally and substantively relevant and not overruled by New York statutory law (and since the Court Rules apply universally, Defendants must refrain from font and margin manipulation, which only highlights their petty reach for relief to which they are unequivocally not entitled, they are not above the law). Plaintiff cannot properly evaluate the contemplated motion based upon the shotgun style Letter and citation and reliance on irrelevant legal authority. Plaintiff will be prepared at the Pre-Motion Conference to address any inquiries of the Court.

Respectfully submitted,

*Rebecca Brazzano*
Rebecca Brazzano

---

[1] The *Doyle* decision issued after the filing of the Amended Verified Complaint, with its precedential holding, an entity owner is not considered an employer, solely for purposes of the NYSHRL, which requires an amendment to Plaintiff's Cause of Action One.

[2] The firm should remove Plaintiff's name, phone number and live email link from its website marketing materials.

[3] *Mihalik v Credit Agricole Cheuvreux N. Am., Inc.*, 715 F3d 102 [2d Cir 2013]; *Van Zant v KLM Royal Dutch Airlines*, 80 F3d 708 [2d Cir 1996]; *Alfano v Costello*, 294 F3d 365 [2d Cir 2002]; *Wolff v Rare Medium, Inc.*, 210 F Supp 2d 490 [SDNY 2002]; *Colon v Fashion Inst. of Tech.*, 983 F Supp 2d 277 [SDNY 2013]; and *Benzinger v Lukoil Pan Ams., LLC*, 447 F Supp 3d 99 [SDNY 2020].