*BRAZZANO LAW*

May 22, 2024

*VIA Electronic Mail*
*ALCarterNYSDChambers@nysd.uscourts.gov and ECF*

Hon. Andrew J. Carter, Jr.,
United States District Judge
United States District Court District, Southern District of New York
40 Foley Square, Room 435, Courtroom 1306
New York, New York 10007

Re:   *Rebecca Brazzano v. Thompson Hine LLP, Richard Anthony DePalma, Deborah Zider Read and Thomas Lawrence Feher*; Civil Action No.: 24-cv-1420(AJC)(KHP)
Plaintiff Response to Thomas Feher Pre-Motion Letter ("Letter" Docket No. 41)

Dear Judge Carter:

Plaintiff responds here to Feher's copycat of Read's ludicrous Letter, which too baselessly seeks to contest this Court's general and specific personal jurisdiction. Just as Forrest Gump's iconic sprint was driven by a need to escape, Feher's arguments represent a desperate and futile bid to abscond the inevitable reach of justice. Feher's arguments are without merit and fail to respect the established jurisdictional power of this Court.  True, Plaintiff did not anticipate Feher's chaotic and unsupported attempts to thwart this Court's jurisdiction, however, the brazen lies and defamatory statements he made to the United States Equal Employment Opportunity Commission ("EEOC") should have signaled that his spiteful and predatory litigation gamesmanship to cover his tracks would continue here.  Plaintiff eagerly welcomes an invitation to amend the Verified Complaint, post-jurisdictional discovery, to unequivocally demonstrate that this Court possesses personal jurisdiction over Feher, supported by the following facts, now asserted upon information and belief:  Feher personally derives income and profit from his own actions (and exploits the efforts of others), deriving income directly from the State of New York. For instance, (subject to verification through Feher's income tax returns) his personal income includes, historically, as follows: 2016 he earned 19.9297% from NY; 2017 he earned 19.7277% from NY; 2018 he earned 20.0583% from NY; 2019 he earned 19.4817% from NY; 2020 he earned 20.0583% from NY; 2021 he earned 17.1810 % from NY; and 2022 he earned 15.0678% from NY.  Extrapolating other data (available at Transparency USA) one percent of Feher's salary in 2018 (was $588.24/$588,240) and in 2022 (was $511.38/$511,380), personally deriving $117,990 and $77,053, respectively from NY income in those years.  Taking an average of 2018/2022 and running those numbers for the period of 2009-2022, Feher derived personal income from both his own legal practice in New York (and the practice of others) at an estimated $1.2 million dollars.

Feher frequently travels to NY.  Feher's own firm bio touts his "Credentials" as including "Admission" to "U.S. Court of Appeals for the Second Circuit."  Feher also highlights his NY centric experience in NY Courts on the firm website as follows: *In re Thelen LLP*, 24 N.Y.3d 16, 20 N.E.3d 264, 995 N.Y.S.2d 534, 2014 N.Y. LEXIS 1577, 2014 NY Slip Op 4879, 2014 WL 2931526 (law firm liability); *Geron v. Robinson & Cole LLP*, 476 B.R. 732, 2012 U.S. Dist. LEXIS 128678, 56 Bankr. Ct. Dec. 269 (law firm liability)(listed twice); *Geron v. Seyfarth Shaw LLP (In re Thelen LLP)*, 736 F.3d 213,

Hon. Andrew J. Carter, Jr.
May 21, 2024
Page 2

2013 U.S. App. LEXIS 23123, 58 Bankr. Ct. Dec. 198, 2013 WL 6037232 (law firm liability)." Feher has also appeared in other NY matters, including *Schiff v ZM Equity Partners, LLC*, 2020 US Dist LEXIS 268269 [SDNY Sep. 14, 2020, No. 19cv4735]).

Feher has provided legal advice to NY clients in NY, attended mediations in New York, drafted legal documents in New York. Feher authors and publishes articles about New York legal opinions, rules, negotiations, etc., and does so to with intent to market his legal services to New Yorkers on the Thompson Hine website: "*Screen-surveillance not required for remote depo, SDNY says, but sets other limits*" - July 16, 2020; "*Extortion or just negotiations? That slippery slope*" - February 14, 2019; "*Loose lawyer lips give NYT reporter a scoop: confidentiality lessons*" - September 28, 2017; and "*Another bar association weighs in on legal ethics of advising clients on marijuana*" - July 2, 2015. Feher has attended functions and other gatherings in New York, all purposeful activities in NY. Feher has provided in person legal advice in NY to NY based clients (from which he derived income). Feher called Plaintiff in her NY office, and on her NY cellphone, and sent Plaintiff emails in NY, met with Plaintiff in person in NY, all dozens of times. Feher attended marketing events, parties, and other gatherings in NY. In addition, Feher, as Thompson Hine's supposed "Loss Prevention Partner" was advised to remove Plaintiff bar licenses from all firm client matters upon Plaintiff's termination, including three then pending cases in the Supreme Court, State of New York, in Kings and Ulster County, and in the United Stated District Court, Northern District of New York: Feher intentionally failed to do so for days, weeks and months. Feher is the reason that documents have been spoliated by the defendants because they never issued the required litigation hold. Further, as set forth in the Amended Complaint, Feher inked the wretched and defamatory statements in the EEOC Response (Docket No. 9-3).

Feher's counsel offers that the professionally humiliating, criminal accusations, and specious statements that Feher wrote are of no moment, premised on the false flag argument that such is based upon some belief that "the statements in the EEOC Response [are] false": to be crystal clear, it is not Plaintiff's belief, the falsity of Feher's vindictive ink is confirmed by documentary evidence and witnesses with personal knowledge ready to testify under oath that Feher flat out lied, making multiple defamatory statements about Plaintiff. Feher's motives will be the subject of discovery, but as an equity partner as the firm, his motive to lie to the EEOC to thwart its investigation of rampant gender discrimination, sexual harassment and the toxic boys' locker room environment that permeated the New York office are self-evident. Feher has engaged in, and conducted, sufficient in-person activities within NY related to the claims set forth in the Amended Complaint against him that confirm this Court can exercise specific personal jurisdiction over him. Feher's activities, as described herein and in the Amended Complaint in NY were all purposeful volitional acts and Feher has continuously availed himself of the privileges of conducting activities within NY, thus invoking the benefits and protections of its laws. (*Calder v Jones*, 465 US 783 [1984])(defendants' contacts "are not to be judged according to their employer's activities there, their status as employees does not insulate them from jurisdiction, since each defendant's contact with the forum State must be assessed individually"); *Matter of People v JUUL Labs, Inc.*, 212 AD3d 414 [1st Dept 2023])(finding individual specific personal jurisdiction over non-domiciliary based on travel to and in person meetings in NY, participation in marketing efforts directed at NY, and other activities: "evidence establishe[d] that defendants conducted sufficient in-person activities within New York State related to the People's claims against them in this action, and sufficiently supports the exercise of specific personal

*Brazzano Law*

Hon. Andrew J. Carter, Jr.
May 21, 2024
Page 3

jurisdiction over them pursuant to CPLR 302(a)(1). Accordingly, we need not consider whether specific personal jurisdiction may be exercised over them pursuant to CPLR 302(a)(1) based on their activities through an agent, *i.e.*, JUUL or pursuant to CPLR 302(a)(2) or (3)").  Feher's purposeful conduct in, and directed to, New York far exceeds the defendants' actions in *JUUL Labs, Inc*.  Feher's lazy copy-paste of Read's irrelevant legal arguments on the supposed lack of personal jurisdiction (Docket No.: 41) is an exercise in futility. Feher's legal authorities are procedurally flawed, substantively meaningless, and fail to provide any support in his effort to dodge this Court's jurisdiction. Plaintiff will not squander the Court's time on redundant and meaningless recitation of decisional law that adds no value and bears no relevance to the Court's deliberations.  Feher's desperate attempt to cloak his egregious abuse of process, defamation, and retaliatory conduct under the guise of privilege is both pathetic and doomed to fail. The truth always comes to light. Feher's unlawful and despicable lies will be exposed and dismantled, bringing him to the inevitable justice he has so richly earned.  While Feher's Letter cites *Farzan v Wells Fargo Bank*, 2013 US Dist LEXIS 11121 [SDNY Jan. 25, 2013]) in an effort to duck the claims against him, by doing so he has confirmed that *Youmans v Smith*, 153 NY 214, 220 [1897]) remains good law in New York. *Youmans* states, in relevant part, "If counsel through an excess of zeal to serve their clients, or in order to gratify their own vindictive feelings, go beyond the bounds of reason and by main force bring into a lawsuit matters so obviously impertinent as not to admit of discussion, and so needlessly defamatory as to warrant the inference of express malice, they lose their privilege and must take the consequences. In other words, if the privilege is abused, protection is withdrawn." Feher cannot hide behind any privilege, as any protection was forever stripped by Feher's express malice, defamatory statements and other unlawful conduct directed at Plaintiff.  Feher wrote it, he can own it.  The law offers no shield for liars like Feher; his defamatory statements will never be material, never be relevant, never be pertinent, as lies just don't qualify.  Plaintiff proposes, for purposes of judicial efficiency, that the Court invoke its discretion and order limited jurisdictional discovery with respect to its personal jurisdiction over Feher.  *See*, (*Blockchange Ventures I GP, LLC v Blockchange, Inc.*, 2021 US Dist LEXIS 136942 [SDNY July 22, 2021]) ("if discovery reveals such transactions, the propriety of personal jurisdiction would be obvious; in that event, the Court expects and encourages Defendant to concede the existence of personal jurisdiction under CPLR § 302(a)(1) in this District").  Such discovery will include document demands for Feher's as filed tax returns for years that he received any NY income, Feher expense reports for personal reimbursement for trips to NY (as well as all personal trips that were unreimbursed), Feher time entries (and client invoices) reflecting work he performed in or for NY clients, all calendar entries that reflect Feher's presence in NY, all articles he authored and directed at NY, and all call logs and emails between Plaintiff and Feher or that concern NY.  Plaintiff declines to continue working for Defendants in pointing out the remaining gross procedural deficiencies and utter irrelevance of the deficient substantive law cited. Plaintiff cannot adequately evaluate the remaining motion that Feher peddles in the Letter, due to his kitchen sink approach. Plaintiff requests that the Court deny Feher's effort to cheat, in his stated intent to "join" motions of other Defendants.  Feher is not entitled to special treatment (50 pages of briefing) as such is fundamentally unfair and procedurally improper. Plaintiff is prepared to address any inquiries of the Court at the Pre-Motion Conference.

Respectfully submitted,

*Rebecca Brazzano*
Rebecca Brazzano

Brazzano Law PLLC • 43 West 43rd Street Ste 264 New York, NY 10036 • 561 685 3812