

July 22, 2024

VIA ECF

Hon. Andrew J. Carter, Jr.,
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Room 435, Courtroom 1306
New York, New York 10007

Re:   Rebecca Brazzano v. Thompson Hine LLP, Richard Anthony DePalma, Deborah Zider Read and Thomas Lawrence Feher; Civil Action No.: 24-cv-1420(AJC)(KHP)

Dear Judge Carter:

Lift Our Voices, Inc. is a nonprofit advocacy organization that has engaged in a nationwide effort to challenge the exploitative corporate power and predatory practices of pre-dispute mandatory arbitration provisions that conceal wrongdoing and deny American employees their right to justice in a Court of law and a jury of their peers.

As a New York entity, since its inception, Lift Our Voices has led the charge in altering the legal landscape that has for decades hoisted upon American workers forced confidential arbitration proceedings where justice is, at best, elusive. Lift Our Voices was the organizational foundation for the seismic change in the law as reflected in the enactment of Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") at issue in this case. Lift Our Voices was instrumental in the drafting and advocacy that is embodied in the EFAA which invalidates pre-dispute arbitration agreements where there are, as here, claims of sexual harassment (as that term is defined in the statute). As a result, Lift Our Voices has unique expertise and deep knowledge of the legislative history, the evolution of the law as enacted, its broad reach to end forced arbitration, as well as its timing limitations. Indeed, according to Senator Kirsten Gillibrand (D-NY), the EFAA is "among the largest workplace reforms certainly in our lifetime."

Lift Our Voices has a collaborative mission: to transform the American workplace, making it safer and more equitable for everyone. By organizing communities to change laws and policies, advocating for survivors, and promoting awareness for a safer and more inclusive workplace environment, Lift Our Voices is rewriting the rules to ensure every worker has a voice. Its vision

is simple, working to change culture to create transparency and accountability, building a world where the American workplace is inclusive, respectful, and safe for all.

Lift Our Voices continues to work with organizations, workers, elected officials and other stakeholders about the devasting effects of silencing mechanisms and encouraging decision-makers at companies to end their use of pre-dispute arbitration clauses. Lift Our Voices has initiated landmark quantitative and qualitative research to study the effects of silencing these workers through forced arbitration. Too, Lift Our Voices has exhaustively researched discrimination, harassment, and hostile work environments that are pushing the best workers out of their career trajectories. This is especially true for women (Plaintiff here) and people of color. Forced arbitration and non-disclosure agreements work to silence survivors and protect perpetrators.

The case before this Court is pivotal in the application of the EFAA both in the effort to evade the inclusive statutory definitions of "sexual harassment," and its "applicability" to any dispute or claim that arises or accrues on or after March 3, 2022.

As the originating organization that championed the enactment of the EFAA from the beginning to its signing into law, an entity that was not just in the room, Lift Our Voices was at the head of the table for the hard negotiations that resulted in the final statute as enacted. As a result, Lift Our Voices seeks to equip the Court with profound insight and expertise, clarifying the pending issues. This approach guarantees that the judicial resolution upholds the statute's intent and text, while also safeguarding the rights of vulnerable individuals comprehensively.

Lift Our Voices hereby seeks permission to file an *amicus* brief in support of Plaintiff. The *amicus* brief would be filed on behalf of Lift Our Voices. Lift Our Voices only recently became aware of the defendants' motion to compel forced arbitration, and is not seeking to disrupt the Court's scheduling Order that is in place.

Lift Our Voices is likewise aware that typically an *amicus* brief is due on the same schedule as the brief of the plaintiff, the party to whom the *amicus* is filed in support, such that the defendants will have sufficient time to reply to the *amicus* filing. Lift Our Voices thus proposes for the Court's consideration that its *amicus* brief be due two weeks from the date of Court permission to file. By way of example only, in the event that the Court authorizes the *amicus* filing on July 22, 2024, the Lift Our Voices *amicus* filing would be due on August 5, 2024. To accommodate the defendants' ability to reply to both the plaintiff's opposition and the *amicus* filing, it is proposed that the defendants' time to interpose their reply be extended from the current deadline of August 5, 2024, to August 19, 2024. Plaintiff has no objection to the proposed extension offered herein.

As this case raises pivotal questions of first impression coupled with Lift Our Voices' role as the pioneer advocate for the EFAA, the organization can offer critical context for addressing and resolving these issues. Lift Our Voices respectfully requests that the Court establish August 5, 2024, as the deadline for filing the *amicus* brief, together with any related motion the Court deems necessary.

Respectfully submitted,

/s/ Helen A. Nau
**KROVATIN NAU LLC**
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777
(973) 424-9779 (fax)

43 West 43rd Street, Suite 310
New York, NY 10036-7424
hnau@krovatin.com

*Co-counsel for proposed Amicus Curiae
Lift Our Voices, Inc.*

Respectfully submitted,

Gretchen Carlson,
Co-Founder Lift Our Voices, Inc.

Julie Roginsky,
Co-Founder Lift Our Voices, Inc.

cc: Counsel of Record ECF