

Carolyn J. Fairless
303.244.1852
fairless@wtotrial.com

September 23, 2024

*Via ECF*

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:  *Brazzano v. Thompson Hine LLP, et al.*, C.A. No. 24-cv-01420
          Response to ECF No. 69 – Notice of Recent Authority

Dear Judge Carter:

    We represent Defendants in the above-captioned action. We write concerning Plaintiff Rebecca Brazzano's purported "Notice of Recent Authority" filed on September 17, 2024. (ECF No. 69). Contrary to its caption, Plaintiff's submission does more than simply notify the Court of recent authority. It seeks to inject additional legal arguments in response to arguments made in Defendants' reply brief. Your Honor's Individual Practice 2(B) expressly prohibits sur-reply memoranda absent prior permission from the Court. Plaintiff has not sought, let alone received, prior permission to file a sur-reply. Accordingly, the Court should strike Plaintiff's filing as impermissible under the Court's Individual Practices.

    Alternatively, Defendants respectfully request that the Court grant them the opportunity to respond to Plaintiff's filing. On July 12, 2024, Defendants moved to compel arbitration of Plaintiff's claims pursuant to a mandatory arbitration clause that Plaintiff agreed to be bound by when she accepted elevation to partner in 2013. ECF No. 52. For the reasons set forth in Defendants' motion, the mandatory arbitration clause plainly applies to Plaintiff's claims and requires her to arbitrate this dispute.

    Defendants also explained why the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") does not apply to Plaintiff's claims. In relevant part, the EFAA is not retroactive and Plaintiff's allegations of sexual harassment pre-date the EFAA's enactment. (ECF No. 52 at 10-13; ECF No. 65 at 6-10). Plaintiff's own allegations confirm as much. Indeed, Plaintiff fails to allege a single specific instance of sexual harassment post-dating 2016. *E.g.*, Second Amended Complaint ("SAC") ¶¶ 218-220 (alleging that her harassment occurred prior to Gretchen Carlson suing Roger Ailes in 2016). She does not allege any contact with Mr. De Palma post-dating March 3, 2022 (the date the EFAA was adopted). And she specifically alleges that her post-March 2022 termination was based on her alleged complaints that Mr. De Palma violated Thompson Hine's *pro bono* policies—not any complaints of alleged harassment or other protected conduct. *E.g.*, SAC ¶¶ 285, 308-09, 330, 467.

    The allegations Plaintiff has identified in response to these arguments are either conclusory or contradicted by more specific allegations, and do not alter these conclusions. Nor does the Second Circuit's decision in *Olivieri v. Stifel*, 112 F.4th 74 (2d Cir. 2024) change the analysis. Plaintiff appears to cite *Olivieri* merely to support the undisputed proposition that the continuing violations doctrine applies to hostile work environment claims. Defendants have never suggested

otherwise. To the contrary, Defendants explained in their motion papers: "The applicable standard for hostile work environment claims is not in dispute. Nor is the continuing violations doctrine. What is in dispute is whether those standards have been met here. They have not, for the reasons described above[.]" ECF No. 65 at 9.

In fact, *Olivieri* supports Defendants' position, not Plaintiff's. Unlike here, the plaintiff in *Olivieri* made specific allegations of discrete acts taken in furtherance of the hostile work environment post-dating the EFAA's enactment. For example, plaintiff there alleged "a persistent pattern of changing her role in response to her complaints of sexual harassment and misconduct," and that she was "purposely left out of meetings" and improperly docked PTO in connection with a doctor's visit, all after March 3, 2022. By contrast, Plaintiff does not allege a single action taken by any Defendant in furtherance of the alleged hostile work environment after March 3, 2022. Her only well-pled allegations post-dating the enactment of the EFAA are that she was terminated for allegedly reporting violations of Thompson Hine's *pro bono* policies and that the firm submitted a position statement in response to her initial complaint with the EEOC after she had already departed from the firm. These facts do not give rise to a "sexual harassment dispute" and are a far cry from the specific allegations of post-EFAA misconduct in *Olivieri*.

Accordingly, Defendants respectfully request that the Court strike Plaintiff's "Notice of Recent Authority," ECF No. 69 as an impermissible sur-reply, or, alternatively, grant them leave to submit a response to Plaintiff's Notice.

We thank the Court for its attention to this request.

Respectfully submitted,

/s/ *Carolyn J. Fairless*

Carolyn J. Fairless

cc:    Rebecca Brazzano (via ECF)